Dr. Calvin M. Frazier Commissioner of Education State Department of Education 201 East Colfax Avenue Denver, Colorado 80203
Dear Dr. Frazier:
QUESTION PRESENTED AND CONCLUSION
You have asked whether non-certificated persons may serve and be compensated as teachers during a labor dispute.
My conclusion is "no."
ANALYSIS
The following constitutes our response.
Colorado law does not directly prohibit non-certificated persons from teaching. However, C.R.S. 1973, 22-63-104 does provide that no person serving as a teacher may receive any official compensation for such services unless the person holds a valid teacher's certificate or written authorization, issued by the Department of Education pursuant to C.R.S. 1973, 22-60-107. The statutes provide that no school district may pay a non-certificated or unauthorized teacher and that such teachers forfeit all claims to compensation out of school district moneys, although school district officers or employees may be personally liable for any promised payments.
The statutes contemplate the issuance of letters of authorization in emergency circumstances, when, in the judgment of the Board of Education, "such action is essential to the preservation of good instructional programs in the public schools and to the educational well-being of the children enrolled therein." C.R.S. 1973, 22-60-107(5). However, a standing Board policy, adopted November 28, 1969, prohibits the issuance of letters of authorization during labor disputes:
1022.1 Issuance of Letters of Authorization
 It is our belief that the statute permitting the issuance of letters of authorization is designed to meet a problem of teacher shortage under normal circumstances. Certainly, the law was not intended to be used at a time of delicate negotiations during a teacher-school board impasse.
 Therefore, the Colorado Board of Education adopts as policy that no letters of authorization shall be issued for a district during a work stoppage resulting from a dispute between the recognized teacher bargaining agent and a school board while negotiations are in progress.
Of course, the foregoing does not prohibit the employment of teachers' aides, as provided by C.R.S. 1973, 22-32-110(ee), and such persons may be compensated by school districts out of district moneys. Baby sitters and other auxiliary personnel may be similarly employed and compensated. However, such employees cannot function as teachers or substitute teachers, and the Board and Department of Education and professional groups have strictly interpreted the statutes to require active teacher supervision of all auxiliary personnel. Cf. "Position Paper on the Use of Teacher Aides in the Colorado Schools" by the Colorado Professional Practices Commission (attached).
Although it is not necessary, for purposes of this opinion, to define the permissible scope of use of auxiliary personnel, these narrow interpretations seem consistent with the statutory framework. Cf. C.R.S. 1973, 22-60-102. Extensive use of auxiliary personnel may jeopardize state funding of a school district, C.R.S. 1973, 22-50-103 et seq., and district moneys may not be used to pay such persons for performing teaching duties. C.R.S. 1973, 22-63-104.
SUMMARY
In conclusion, it is our opinion (1) that under current Board policy, non-certificated persons may not serve and be compensated as teachers during a labor dispute, (2) that the use of such persons as auxiliary personnel without substantial supervision by certificated teachers jeopardizes state support of a school district's educational program and (3) that any official promise to compensate or compensation of non-certificated persons serving as teachers would be illegal and would risk personal liability of school district officers and employees.

 FOR THE ATTORNEY GENERAL
 JOSEPH N. de RAISMES
 First Assistant Attorney General
 Human Resources Section
 SINCE ITS ISSUANCE THIS
 OPINION LETTER WAS ADOPTED
 AS A FORMAL OPINION OF THE
 ATTORNEY GENERAL BY ATTORNEY
 GENERAL J.D. MacFARLANE
EDUCATION
TEACHERS
LABOR RELATIONS

C.R.S. 1973, 22-63-104 C.R.S. 1973, 22-60-104 C.R.S. 1973, 22-60-105 C.R.S. 1973, 22-60-106 C.R.S. 1973, 22-60-107 C.R.S. 1973, 22-50-103 C.R.S. 1973, 22-32-110
EDUCATION, DEPT. OF Administration HIGHER EDUCATION, DEPT. OF
(1) Non-certificated persons may not serve and be compensated as teachers during a labor dispute.(2) Non-certificated persons used as auxiliary personnel in a school district must be supervised by certificated teachers. (3) Official promises to pay non-certificated persons serving as teachers are illegal and may result in personal liability of the promisor.